UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>4:26-cv-06333 | **Case No.: 4:26-CV-06333-YGR**<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 4 |
| Jessica Vuckovich et al.,<br>Plaintiffs,<br>v.<br>Meta Platforms, Inc. et al.,<br>Defendants. | |

The plaintiffs in *Vuckovich v. Meta Platforms, Inc.*, are residents of Montana and seek an order remanding their action back to Montana state court. (Dkt. No. 4.) This is a personal injury putative class action against a social media platform for harms incurred as a result of "defectively designed social media products", consolidated in this multi-district litigation ("MDL"). (Dkt. No. 7 ¶ 2, State Complaint ["Compl."].) The complaint describes the class as "all individuals between 2023 and present who (a) resided in Montana, (b) were under the age of 18 years old, and (c) used a Meta product." (Dkt. No. 5 at 5, Brief in Support of Motion to Remand.)

Before the Court is plaintiffs' motion to remand this action to Montana state court (Dkt. No. 4). Defendant Meta argues that removal was proper under two theories: (1) complete diversity exists under 28 U.S.C. § 1332(a) with an amount in controversy exceeding $75,000 per plaintiff; and (2) CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2) based on class action diversity with aggregate claims exceeding $5,000,000. The Court agrees and **DENIES** plaintiffs' motion to remand.

United States District Court
Northern District of California

## I. Legal Standard

Federal courts are courts of limited jurisdiction. However, CAFA vests federal courts with "original jurisdiction" over class actions where (1) diversity of citizenship exists between at least one class member and at least one defendant; (2) the amount "in controversy exceeds the sum or value of $5,000,000;" (3) "the primary defendants are not States, State officials or other government entities against whom the district court may be foreclosed from ordering relief;" and (4) the class has at least 100 members. 28 U.S.C. §§ 1332(d)(2), (d)(5).

A defendant claiming federal jurisdiction under CAFA bears the burden of establishing that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation omitted). Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," a defendant must present "[e]vidence establishing the amount . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014).

## II. Background

This MDL has proceeded thus far with three primary groups of plaintiffs: state attorneys general, school districts, and individual personal injury plaintiffs. Plaintiffs' claims essentially concern harm to children resulting from the actions and design of social media platforms, including Meta Platforms, Inc. Running in parallel to this MDL is the "Social Media Cases" (JCCP 5255, Cal. Super. Ct. ["JCCP"]), California's state-court coordinated proceeding against Meta, TikTok, Snapchat, and YouTube. The JCCP arises from the same master complaint as the MDL. On March 25, the jury in the first JCCP bellwether trial returned a verdict against defendants Meta and YouTube and awarded $3 million in compensatory damages and punitive damages of $3 million.

Plaintiffs' complaint parallels very closely the MDL and the JCCP, including factual allegations that Meta targeted children, designed its product to be addictive, implemented defective age verification, concealed knowledge of the product's harms, and failed to warn about those harms. Plaintiffs' claims, for defective design, failure to warn, negligence, negligent failure to

warn, negligent undertaking, fraudulent concealment and misrepresentation, and violation of the Montana Consumer Protection Act, also parallel closely those in the MDL and JCCP.

Upon review of the proffered Montana jury instructions for these claims, the Court does not find any significant differences in the law from that analyzed throughout the proceedings held in the MDL. Neither does plaintiff, either in the motion briefing or in the complaint, provide any basis to suggest that Meta's alleged conduct was different or separable from the conduct targeted by the MDL and JCCP plaintiffs. There is no suggestion that Meta designed and distributed a different product for Montana residents.

## III. Analysis

The parties to this action acknowledge that there is complete diversity, as the plaintiffs are all Montana residents and defendants are residents of California. Therefore, the sole issue in dispute is the amount in controversy. Defendants contend that the amount in controversy exceeds $75,000 per plaintiff per 28 U.S.C. § 1332(a) and the aggregate claims exceed $5,000,000 per CAFA.

As the Court explained on the record at the July 17, 2026 Case Management Conference, it strains credulity to suggest that defendants have not plausibly alleged the required amount in controversy. Plaintiffs' motion to remand was filed on June 10, 2026, after the March 2026 jury verdict awarding one individual personal injury plaintiff in the JCCP $6 million in damages. This action proposes a class of at least 100 members, which this Court acknowledges is likely much bigger based on the pleaded class definition of all Montana minors who used Meta products. Further, given the similarities of the issues and claims, even the Attorney General for the State of Montana joined the Consent Agreement for the AG portion of the MDL.

Regardless, it is apparent that even one individual plaintiff could recover damages exceeding $5 million. Therefore, the Court finds defendants plausibly alleged an amount in controversy both of at least $75,000 per plaintiff and $5,000,000 in the aggregate.[1]

---

[1] Plaintiffs' additional arguments do not persuade otherwise. The Court has reviewed the submitted jury instructions for Montana which are similar, if not identical, to many of the states in the MDL. Plaintiffs also claim that Montana has specific discovery and procedural requirements

The motion to remand is **DENIED**.

This Order terminates Dkt. No. 4.

**IT IS SO ORDERED.**

Dated: September 25, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES CHIEF DISTRICT COURT JUDGE

which would not benefit from a uniform and consolidated process. Notably, other than the bald statement, no substantive argument was ever made, nor could it vitiate the jurisdictional analysis.



United States District Court
Northern District of California